IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE:   BLAKE McLAUGHLIN<br>            Debtor | CASE NO: 5:22-bk-70578 R<br>CHAPTER 13 |
| JOYCE BRADLEY BABIN,<br>CHAPTER 13 STANDING TRUSTEE | PLAINTIFF |
| V.             AP NO._____ | |
| CARVANA, LLC | DEFENDANT |

**COMPLAINT TO DETERMINE THE EXTENT AND
VALIDITY OF LIEN, TO AVOID LIEN OF CARVANA LLC,
AND OBJECTION TO CLAIM**

Joyce Bradley Babin, Chapter 13 Standing Trustee, for her Complaint to Determine the Extent and Validity of Lien, to Avoid Lien of Carvana, LLC, and Objection to Claim, states:

1. The Court has jurisdiction over this action, the subject matter and the parties pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 502, 506, 542, 547, 549 and 550 and Arkansas Code Ann. §§ 801-14-101, *et seq*. This Complaint is filed pursuant to Federal Rules of Bankruptcy Procedure 3001, 3002, 3007 and 7001(1). This matter is a core proceeding and the Court may enter a final order. The Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

2. Venue is proper pursuant to 28 U.S.C. § 1409 in that this is an action arising in or to a proceeding which is pending in this District.

3. The Debtor, Blake P. McLaughlin, filed a petition and plan pursuant to Chapter 13 of the United States Bankruptcy Code on May 23, 2022.

4. The Plaintiff, Joyce Bradley Babin ("Trustee") serves and brings this action as Trustee in the Debtor's case.

5. The Defendant, Carvana, LLC ("Carvana"), is an online used car retailer with a principal address of 1930 W. Rio Salado Pakway, Tempe, Arizona 85281. Carvana is a foreign limited liability company registered to do business in Arkansas. Carvana's registered agent for service is the Corporation Service Company, 300 Spring Building, Suite 900, Little Rock, AR 72201.

6. In his bankruptcy schedules, the Debtor listed an interest in a 2018 Cadillac ATS (VIN 1G6AE5RX4J0115661) ("Vehicle") valued at $26,990 that the Debtor asserts secures a debt to Carvana in the amount of $29,759.99. In the plan, the Debtor has proposed to retain and pay for the Vehicle in monthly payments of $565 at a 5.25% interest rate.

7. On July 29, 2022, Carvana filed a secured claim (Court Claim 13 / Trustee Claim 1) ("Claim") in the amount of $29,829.29. Carvana attached a copy of a Retail Installment Contract and Security Agreement dated May 19, 2022, executed by the Debtor and secured by the Vehicle. Carvana did not attach a State of Arkansas Certificate of Title noting a lien. Carvana attached a document captioned as "Arkansas Vehicle Record" from AutoDataDirect,Inc. that reflects a purported lien date of May 29, 2022. Further, even after a request from the Trustee, Carvana has not provided a copy of the Certificate of Title.

8. Upon investigation, the documentation to obtain a title for the Vehicle was not presented to the State of Arkansas Department of Motor Vehicles ("Arkansas DMV") until June 28, 2022. The title was not issued until August 5, 2022.

9. The Certificate of Title was issued more than thirty days after the execution of the contract and the date that the Debtor received possession of the Vehicle. The Certificate of Title was received and issued by the Arkansas DMV after the Debtor's bankruptcy filing.

10. Pursuant to 11 U.S.C. § 547(c)(2)(B), because Carvana's lien was not perfected pursuant to Arkansas Code Ann. §§ 27-14-802 or 27-14-806 within thirty days of the contract date and the Debtor's possession date, perfection of Carvana's lien does not "relate back" to the date of the contract. Carvana's lien cannot be considered as "new value" for lien perfection purposes.

11. Pursuant to 11 U.S.C. § 544(a)(1), the Trustee has, as of the commencement of the case, the rights and powers of, and may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a creditor that extends credit to the debtor at the time of the commencement of the case and obtains, at such time with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien. The lien of Carvana is voidable by the Trustee in accordance with 11 U.S.C. §§ 544(a)(1), 547 and 549.

12. The Trustee's interest in the Vehicle is superior to Carvana's lien. The lien of Carvana should be determined to be invalid as to the Trustee and avoided pursuant to 11 U.S.C. §§ 544, 547 and 549. Pursuant to 11 U.S.C. § 550, the Trustee is entitled to the value of the Vehicle which is at least $26,990 as evidenced by the Debtor's schedules and $27,250 according to Carvana's Claim.

13. The Claim filed by Carvana (Court Claim 13 / Trustee Claim 1) should be disallowed as a secured claim and allowed as an unsecured claim.

WHEREFORE, the Trustee prays that the Court determine that (1) the Trustee's interest in the Vehicle is superior to the interest of Carvana; (2) the lien of Carvana is invalid as to the Trustee;

(3) the lien of Carvana is avoided; (4) the Trustee is entitled to the value of the Vehicle; (5) the proof of claim filed by Carvana is disallowed as a secured claim and allowed as an unsecured claim; and (6) all other just, proper and equitable relief.

                                            Respectfully submitted,

                                            JOYCE BRADLEY BABIN  
                                            CHAPTER 13 STANDING TRUSTEE  
                                            P. O. Box 8064  
                                            Little Rock, AR 72203-8064  
                                            (501) 537-2500

                                            By: /s/ Joyce Bradley Babin  
                                                      Joyce Bradley Babin

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joyce Bradley Babin, Chapter 13 Standing Trustee | **DEFENDANTS**<br>Carvana LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine the Extent and Validity of Lien, to Avoid Lien of Carvana LLC, and Objection to Claim pursuant to 11 U.S.C. §§ 547, 549 and 550 and Arkansas Code Ann. §§ 801-14-101, et seq.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 27,000 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Blake P. McLaughlin | BANKRUPTCY CASE NO.<br>5:22-bk-70578 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>Fayetteville | NAME OF JUDGE<br>Bianca M. Rucker |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Joyce Bradley Babin | | |
| DATE<br><br>August 30, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Joyce Bradley Babin | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.